This is another case that does not fit into a neat little box.
The medical evidence supported Plaintiff until Defendant threw up the smokescreen of five pages of stipulated "medical records" from a visit to a chiropractor on 16 March 1994, less than 60 days prior to the admitted injury by accident of 3 May 1994. Plaintiff testified and argues that this visit to the chiropractor resulted from a free coupon printed in the local paper and that, had the visit not been free, he would not have gone and did not need the chiropractor's services. If true, this means that plaintiff's prior back injuries were asymptomatic prior to this admittedly compensable accident and the medical testimony then supports plaintiff's claim to continuing disability. Plaintiff testified that the information he supplied on the chiropractor's form related to soreness he was then feeling from working on hardwood floors and did not relate at all to prior injuries. The form itself appears to corroborate this in that a distinction was made between present conditions and past conditions and plaintiff related most of his pain to present conditions. The form asked, "Major complaint:" and the answer given was "neck back `lower'". It also asked "How long have you has (sic) this condition?" and the answer was "30 years". Plaintiff correctly noted that 30 years prior he was 12 years old and that if he had been suffering in his "neck back `lower'" for 30 years it had not stopped him from working until the 3 May 1994 accident. All the Full Commission has to judge the matter is the transcript of the hearing before the Deputy Commissioner and the argument made by plaintiff before the Full Commission.
Before I give any credence at all to the "medical record" supplied by the chiropractor's office I would want to know from the chiropractor whether there was a free visit coupon advertisement and just what the chiropractor remembers about the visit. This was a pro se case and the chiropractor was not called to testify and yet the whole finding of the Deputy Commissioner hinges on this chiropractor visit.
I firmly believe that the Commission has a duty in a case like this to make inquiry itself about the missing pieces of the puzzle. My vote is for this panel of the Full Commission to hold a further hearing to which the chiropractor will be subpoenaed and to which the plaintiff will be invited to research, obtain and present the chiropractor's coupon. After the puzzle has been completed the facts may support the Deputy Commissioner's Opinion and Award or they may not. Our job is not done until the puzzle is completed.
My vote is to reopen the record and for the Full Commission panel itself to conduct further fact finding.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER